FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRITTNEY DAVIS, an individual, and DARREN DAVIS and RENE DAVIS, husband and wife, and the marital community comprised thereof,<br><br>    Plaintiffs,<br><br>    v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, a Delaware Limited Liability Company d/b/a Playtex Products; FRED MEYER STORES, INC., an Ohio Corporation d/b/a/ FredMeyer; and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | No. 2:18-cv-00057-SAB<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS** |

Before the Court are Defendant Edgewell Personal Care Brands, LLC's Motion to Dismiss, ECF No. 5, and Defendant Fred Meyer Stores, Inc.'s Motion to Dismiss, ECF No. 7. A hearing on the motions was held on April 18, 2018, in Yakima, Washington. Plaintiffs were represented by Carl J. Oreskovich. Defendants were collectively represented by Rachel Reynolds and John W. Moticka.

//

//

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 1**

## Motion Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In analyzing motions to dismiss, the Court must accept as true all well-pleaded factual allegations. *Id.*

For a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citation omitted).

As the United States Supreme Court explained:
[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft,* 556 U.S. at 679.

## Background

Plaintiff Brittney Davis used tampons that were purchased by her mother, Plaintiff Rene Davis at Defendant Fred Meyer Store, Inc.'s ("FredMeyer") store. The tampons, specifically the Playtex Gentle Glide Tampons, were manufactured by Defendant Edgewell Personal Care Brands, LLC's ("Playtex").

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 2**

Plaintiffs allege that as a result of Ms. Davis' tampon use, Ms. Davis suffered from Toxic Shock Syndrome ("TSS"). She spent approximately ten days in a drug-induced coma and four weeks in intensive care. As a result of TSS, Plaintiff Brittney Davis sustained severe, debilitating, and permanent injuries and disabilities, including, but not limited to, renal failure, heart damage, pneumonia, hair loss, and the loss of multiple toes. She needed further surgeries on her feet, including the amputation of toes, removal of dead tissue and skin and muscle grafts in an effort to allow her to walk again.

The Complaint alleges that Defendant Playtex is a Delaware Limited Liability Company doing business in the State of Washington, with its headquarters located in Missouri. It also alleges that Defendant FredMeyer is an Ohio corporation, headquartered in Ohio, and doing business in the State of Washington.

Plaintiffs are bringing six separate claims against Defendant Playtex:

(Claim 1) Products Liability–Defective Design;

(Claim 2) Products Liability–Failure to Warn;

(Claim 3) Products Liability–Defective Construction;

(Claim 4) Products Liability–Breach of Express Warranty;

(Claim 5) Products Liability– Breach of Implied Warranty; and

(Claim 8) Washington Consumer Protection Act.

They are bringing three separate claims against Defendant FredMeyer:

(Claim 6)–Negligence;

(Claim 7)–Breach of Implied Warranty; and

(Claim 9)–Washington Consumer Protection Act.

Finally, Plaintiffs are bringing claims against both Defendants for Negligent Infliction of Emotional Distress (Claim 10) and Loss of Consortium (Claim 11). They are seeking damages related to medical expenses, lost wages, decreased earning capacity, pain and suffering, disability or disfigurement, mental and

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 3**

emotional distress, loss of enjoyment of life, and other economic and other non-economic damages. They are also seeking punitive damages.

Both Defendants now move to dismiss all of the claims asserted against them.

**Analysis**

The Washington Products Liability Act ("WPLA"), enacted in 1981, "created a single cause of action to provide relief for 'harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of a product.'" *Blysma v. Burger King Corp.*, 176 Wash.2d 555, 559 (2013). A "products liability claim" under the WPLA preempts any claim or action that previously would have been based on any "substantive legal theory except fraud, intentionally caused harm or a claim or action brought under the consumer protection action, chapter 19.86. RCW."

Here, Plaintiffs are bringing separate claims under the WPLA that correspond to the separate approaches by which a plaintiff can show that a product was not "reasonably safe." Although Defendants argue that this approach is somehow confusing and ask for Plaintiffs to amend their complaint, this is not necessary. Rather, the Complaint clearly states which theory of liability Plaintiffs are relying upon for each claim and such delineation will be helpful as this case proceeds. *See also Kaspers v. Howmedica Osteonics Corp.*, No. C15-0053JLR, 2015 WL 12085853 (W.D. Wash. Oct. 23, 2015) (action where plaintiffs brought separately numbered claims under the WPLA). Thus, Defendant Playtex's Motion to Dismiss is denied with respect to Claims 1-5.

Similarly, Claim 6 against Defendant FredMeyer survives because Plaintiffs are bringing a product seller negligence claim under the WPLA, RCW 7.72.040(1)(a).

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 4**

With respect to Claim 7, Plaintiffs filed Notice that they intend to strike Claim 7 against Defendant FredMeyer. ECF No. 13. As such, Defendant FredMeyer's Motion to Dismiss is granted with respect to Claim 7.

Plaintiffs are bringing a Consumer Protection Act claim against both Defendants (Claims 8 and 9). Defendants argue these claims should be dismissed because Plaintiffs have not alleged an injury to business or property. In their response, Plaintiffs argue that the cost of the tampons that were purchased as a result of an unfair or deceptive act satisfies the CPA injury element. Plaintiffs allege that Defendants used deceptive marketing and sale of a product knowing of the latent unreasonable risk of TSS. As this stage of the proceedings, Plaintiffs have alleged facts sufficient to state a Washington CPA claim.

With respect to Claim 10 (Negligent Infliction of Emotional Distress), the parties frame the issue as to whether the claim for NIED was recognized after the WPLA's effective date of July 26, 1981, because the WPLA does not preempt common-law claims that arose after this date, citing to *Macias v. Saberhagen Holdings, Inc.*, 175 Wash.2d 402, 408 (2012).

Plaintiffs maintain it was not until 1998 that the Washington courts recognized bystander theory of NIED, citing *Hegel v. McMahon*, 136 Wash.2d 122, 131-32 (1998). Defendants argue that such a claim was recognized pre-WPLA, citing to *Hunsley v. Giard*, 87 Wash.2d 424 (1976). They argue that bystander theory of recovery is simply a new theory under which a plaintiff may recover for a claim of NIED, and because a claim for NIED predates the WPLA, Plaintiffs' claim for bystander negligent infliction of emotional distress is preempted by the WPLA.

The Washington Supreme Court appears to have answered the question as to when a claim for bystander NIED was recognized by the courts. In *Colbert v. Moomba Sports, Inc.*, the court recognized that "the tort of negligent infliction of emotional distress is a limited, judicially created cause of action that allows a

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 5**

family member to a recovery for 'foreseeable' intangible injuries caused by viewing a physically injured loved one shortly after a traumatic accident." 163 Wash.2d 43, 45 (2008). It went on to state that "[t]he bystander negligent infliction of emotional distress claim was first recognized in Washington in *Hunsley*, where the defendant negligently drove a car into the plaintiff's house." *Id.* at 50. Plaintiffs' arguments fails, then, because *Hunsley* was decided in 1976.

The Court is not convinced, however, that Plaintiffs' claim for NIED should be dismissed at this stage of the proceedings. In *Colbert*, the father, whose daughter drowned after inhaling carbon monoxide fumes while hanging onto a motorboat as it was moving, brought products liability claims under the WPLA on behalf of the estate, as well as a bystander NIED claim on behalf of himself. *Id.* at 45. Summary judgment was granted in favor of defendants and the father appealed the dismissal of his NIED claim. *Id.* at 48. There is no mention of preemption in the opinion. Instead, the focus of the opinion was on the foreseeability requirement for a bystander NIED claim. *Id.* at 55-58. Here, the NIED claim is brought by Brittney Davis' parents and the Court is not convinced this claim should be dismissed. Consequently, Defendants' Motions to Dismiss is denied with respect to Claim 10.

Plaintiffs indicate that Claim 11 is simply a theory of recovery under the WLPA. Defendants do not dispute this characterization. As such, the Court declines to dismiss Claim 11.

Finally, Defendants argue that punitive damages are not available under Washington law. Plaintiffs maintain they are seeking punitive damages under Delaware, Missouri and Ohio laws.

In determining which state's law applies in a diversity action, federal courts must apply the forum state's choice of law rules. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005). While it is true Washington law does not permit punitive damages, Washington choice of law principles allow application of

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 6**

foreign law for punitive damages if the foreign jurisdiction has the "most significant relationship" to the issue. *Singh v. Edwards Lifesciences Corp.*, 151 Wash.App. 137, 143 (2009). The Court must evaluate the contacts both quantitatively and qualitatively, based upon the location of the most significant contacts as they relate to the particular issue at hand. *Id.* The contacts to be evaluated for their relative importance are:
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

*Id.,* citing *Johnson v. Spider Staging Corp.*, 87 Wash.2d 577, 581 (1976). *Singh* instructs that although there is presumption that the law of the state where the injury occurred applies in personal injury cases, this presumption may be overcome if another state has a greater interest in determination of a particular issue. *Id.* at 147.

Here, the Court declines to rule on the issue of punitive damages at this stage of the proceedings. The Washington Supreme Court instructs that choice of law is a fact-intensive question that "does not lend itself readily to disposition on a [Rule] 12(b) (6) motion." *See FutureSelect Portfolio Mgmt. v. Tremont Grp. Holdings, Inc.,* 180 Wash.2d 954, 966 (2014). The Court reserves its judgment pending further development of the factual record. As such, Defendants' Motions to Dismiss Plaintiffs' request for punitive damages is denied, without prejudice to raising the issue again on a record sufficient for conducting the required choice of law analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Edgewell Personal Care Brands, LLC's Motion to Dismiss, ECF No. 5, is **DENIED**.

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 7**

2. Defendant Fred Meyer Stores, Inc.'s Motion to Dismiss, ECF No. 7, is **DENIED**, in part; and **GRANTED**, in part with respect to Claim 7.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 26th day of April 2018.



Stanley A. Bastian
United States District Judge

**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS ~ 8**